IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELSEY DEDMON,            )<br>                           )<br>     Plaintiff,          )<br>                           )<br> v.                        )<br>                           )<br> OKC SOUTHERN HILLS        )<br> INVESTMENTS, LLC D/B/A    )<br> PLATINUM NIGHTS,          )<br>                           )<br>     Defendant.           )<br>                           ) | Case No. CIV-21-00073-PRW |

## ORDER

Defendant, OKC Southern Hills Investments, LLC d/b/a Platinum Nights ("Platinum Nights"), has filed an Amended Motion to Compel Arbitration and Stay or Dismiss Proceedings (the "Motion") (Dkt. 14). Platinum Nights argues that because Plaintiff, Kelsey Dedmon, signed an Entertainment License Agreement (the "Agreement"), she agreed to arbitrate her claims and should thus be ordered to arbitration in lieu of litigation. Plaintiff responded (Dkt. 17), indicating that she agrees to arbitrate her claims but only if the Court severs and strikes portions of the Agreement that are deemed unenforceable. For the following reasons, Platinum Nights' Motion (Dkt. 14) is **GRANTED**. Moreover, as discussed more fully below, the Parties' cost-sharing provision and fee-shifting provision shall be severed from the Agreement. The Court will also sever the provision allowing either Party to demand an arbitrator "experienced" in the adult entertainment industry.

*Background*

Plaintiff sued her former employer, Platinum Nights, and is seeking to recover minimum wages and overtime under the federal Fair Labor Standards Act ("FLSA"). During her employment, Platinum Nights allegedly classified Plaintiff as an independent contractor. She signed the Agreement at issue in this case, which contained a mandatory arbitration provision. In light of this provision, Platinum Nights seeks to compel arbitration at this stage.

This arbitration provision provides, in pertinent part:

> **15. MANDATORY ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS.**
>
> A. EXCEPT FOR ANY ADMINISTRATIVE PROCEEDINGS THAT ARE NOT LEGALLY BARRED BY THIS PARAGRAPH, ANY CONTROVERSY DISPUTE, OR CLAIM ARISING OUT OF THIS AGREEMENT OR RELATING IN ANY WAY TO ENTERTAINER PERFOMING AND/OR WORKING AT PLATINUM NIGHTS AT ANY TIME (IN THIS PARAGRAPH 15, COLLECTIVELY "CLAIM"), WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY BINDING ARBITRATION HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (THE FAA). SUCH ARBITRATION SHALL OCCUR IN THE STATE OF OKLAHOMA AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 15, ANY RELIEF AVAILABLE IN A COURT. THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW AND WAIVE,THE RIGHT TO TRIAL, BY JURY.[1]

The Agreement contains the following cost-sharing arrangement:

> THE COSTS OF ARBITRATION SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND PLATINUM NIGHTS UNLESS APPLICABLE LAW REQUIRES THE ARBITRATOR TO IMPOSE A DIFFERENT ALLOCATION.[2]

---

[1] Entertainment License Agreement (Dkt. 14, Ex. 1) ¶ 15.

[2] *Id.*

The Agreement also contains the following fee-shifting provision:

> ANY RULING ARISING OUT OF A CLAIM BETWEEN THE PARTIES SHALL, TO THE EXTENT NOT PRECLUDED BY LAW FROM AWARD COSTS INCURRED FOR THEIR PROCEEDINGS, INCLUDING REASONABLE ATTORNEY FEES TO THE PREVAILING PARTY.[3]

The Agreement also includes a clause that states that "either party may request an arbitrator experience[d] in the adult entertainment industry."[4] Finally, the severability provision in the Agreement states that if any portion of the Agreement is unenforceable, "this Agreement shall, to the extent possible, be interpreted as if that provision was not a part of this Agreement."[5]

## *Discussion*

The Federal Arbitration Act ("FAA") ensures that contracts including arbitration clauses are "valid, irrevocable, and enforceable."[6] "The FAA also provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, § 3, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement, § 4."[7]

In this case, Platinum Nights asserts that Plaintiff signed the Agreement acknowledging she understood and voluntarily agreed to its terms and conditions. Platinum

---

[3] *Id.*

[4] *Id.*

[5] *Id.* ¶ 14.

[6] 9 U.S.C. § 2.

[7] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–5 (1991).

3

Nights thus argues that pursuant to the arbitration provision contained therein, Plaintiff is required to submit to arbitration and give up her right to trial by jury. Generally, the Court agrees. However, Platinum Nights' assertion presupposes there is a valid and enforceable agreement to arbitrate formed in the first place.[8]

A mandatory arbitration agreement that requires an employee to pay a portion of the arbitrator's fees is unenforceable under the FAA because it fails to provide an accessible forum in which the employee can resolve her statutory rights.[9] In the case at bar, the arbitration provision appears to require Plaintiff to potentially pay either all the arbitration fees and costs or only her own arbitration fees and costs depending on the outcome of the arbitration. Additionally, Plaintiff has submitted emails with potential arbitrators as well as governing arbitration rules and mediation procedures showing the likely arbitration costs and fees.[10] Moreover, she has submitted an affidavit showing she cannot afford to pay her

---

[8] Courts can decide the enforceability of an arbitration agreement if it, like here, implicates the effective vindication doctrine, notwithstanding the arbitrability doctrine. *See Nesbitt v. FCNH, Inc.*, 74 F. Supp. 3d 1366, 1370 (D. Colo. 2014), *aff'd*, 811 F.3d 371 (10th Cir. 2016).

[9] *Shankle v. B–G Maint. Mgmt. of Colo., Inc.,* 163 F.3d 1230, 1233–35 (10th Cir. 1999); *see Nesbitt*, 811 F.3d at 379–80 (rejecting a fee-shifting provision under the effective vindication exception); *see also Daugherty v. Encana Oil & Gas (USA), Inc.*, 2011 WL 2791338, at *12 (D. Colo. July 15, 2011) (holding that fee-shifting and cost-splitting clauses in an arbitration agreement "erect impermissible obstacles to Plaintiffs' ability to avail themselves of the rights and protections afforded by the FLSA").

[10] April 12, 2021 emails between Plaintiff's counsel and Will Hartsfield (Dkt. 17, Ex. 3); Pl.'s Response to Platinum Nights' Mot. to Compel Arbitration or Dismiss Proceedings (Dkt. 17) at 6.

portion of these costs.[11] Accordingly, the Court finds that Plaintiff has demonstrated that the cost-sharing and fee-shifting provisions make it prohibitively expensive to bring claims in arbitration and are thus likely to prevent her from vindicating her statutory rights by effectively barring her from the only forum available under the Agreement. These provisions are therefore invalid.

Platinum Nights urges the Court to sever the offending provisions from the Agreement and enforce the remainder to compel arbitration of this matter. The Agreement contains a severability clause that states if any portion of the Agreement is unenforceable "this Agreement shall, to the extent possible, be interpreted as if that provision was not a part of this Agreement."[12] And federal case law and statutory law clearly creates a presumption in favor of arbitrability. Thus, the Court shall resolve all doubts in favor of arbitration and enforce the arbitration provision, while severing the cost-sharing and fee-shifting portions of the arbitrability clause to the extent that they impose obligations different from those established under the FLSA, the FAA, and Tenth Circuit case law. The Court will also sever the provision allowing either Party to demand an arbitrator "experienced" in the adult entertainment industry. The Court emphasizes the importance of a neutral arbitrator and strongly suggests that the Parties consider using established arbitral forums with experience in arbitrating employment disputes.

---

[11] Kelsey Dedmon Aff. (Dkt. 17, Ex. 1).

[12] Entertainment License Agreement (Dkt. 14, Ex. 1) ¶ 14.

The arbitration clause will otherwise be enforced as written, and the Court thus compels arbitration of Plaintiff's claims against Platinum Nights.

### *Conclusion*

For these reasons, Platinum Nights' Motion (Dkt. 14) is **GRANTED**. The Parties are thus ordered to arbitration, which is to be conducted in accordance with the terms of their Agreement that have not been stricken.

**IT IS THEREFORE ORDERED** that:

(1) this matter is **STAYED** pending completion of the arbitration process;

(2) the Court Clerk is **DIRECTED** to administratively close this matter in her records, pending completion of the arbitration process; and

(3) the Parties are **DIRECTED** to notify the Court about the outcome of arbitration within fifteen (15) days after the completion of the arbitration process. Said notice must advise the Court as to whether the stay should be lifted and the case reopened for further proceedings.

**IT IS SO ORDERED** this 9th day of November 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE